# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     )
     v.      )      Case No. 2205007535
     )
     )
     )
TERRY THOMAS,      )
     )
     Defendant.      )

Submitted: February 27, 2024
Decided: April 3, 2024
Written Decision Issued: April 15, 2024

## MEMORANDUM OPINION AND ORDER

*Upon Defendant's Motion to Dismiss/Speedy Trial;*
**DENIED.**

Sehr Rana, Esq., of the Delaware Department of Justice, *Attorney for Plaintiff.*

Terry Thomas, *Self-Represented Defendant.*

**WINSTON, J.**

## I. INTRODUCTION

Defendant Terry Thomas moves to dismiss all charges against him for violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 1, Section 7 of the Delaware Constitution. The State alleges the delay is attributable to both parties. For the following reasons, Mr. Thomas's motion is **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Thomas was arrested May 16, 2022, then indicted August 29, 2022, on the following charges: two counts of Possession or Control of a Firearm by a Person Prohibited, Possession or Control of Ammunition by a Person Prohibited, three counts of Drug Dealing, Drug Possession, two counts of Possession of a Firearm During the Commission of a Felony, and Possession of Drug Paraphernalia.[1]

The Scheduling Order in this case was first issued on December 20, 2022, which established the following deadlines: First Case Review: January 9, 2023, Final Case Review: February 27, 2023, and Trial: March 13, 2023.[2] The same day the Scheduling Order was issued, the State filed a continuance request due to unavailability of the State's witness for the March 13, 2023 trial date.[3] This witness

---

[1] *See* Docket Item ("D.I. __") 3.
[2] D.I. 12.
[3] *Id*.

was on administrative leave and unable to testify.[4]  No objection was filed.  The Court approved the request, and the trial was rescheduled for June 12, 2023.[5]

On May 25, 2023, the State filed a trial continuance request because one of its witnesses was unavailable due to an extended leave for personal reasons.[6]  This leave extended through August 2023.[7]  The Court approved the request, and trial was rescheduled for June 20, 2023.[8]  After the new Scheduling Order was issued, State's Attorney informed the Court of the unavailability of the same witness for the June 20, 2023 trial date.[9]  As a result, a new Scheduling Order was issued with a trial date of September 5, 2023.[10]  No objection was filed.

On August 24, 2023, a continuance was requested on behalf of Mr. Thomas by an appointed attorney from the Office of Defense Services[11] due to Mr. Thomas's prior attorney withdrawing as counsel.[12]  The Court approved the request, and trial was rescheduled for October 30, 2023.[13]  On September 21, 2023, the State filed a continuance request due to the unavailability of two of its witnesses, one was

---

[4] D.I. 65 ¶ 7.
[5] D.I. 13.
[6] D.I. 17 and 65 ¶ 10.
[7] *Id.* ¶ 12.
[8] D.I. 18.
[9] D.I. 65 ¶ 12.
[10] D.I. 19.
[11] D.I. 23.
[12] D.I. 22.
[13] D.I. 24.

unavailable due to a planned vacation.[14] The State contends Mr. Thomas's then-counsel objected to the State's continuance request.[15] The Court, however, approved the request, and trial was rescheduled for November 13, 2023.[16]

On October 16, 2023, Mr. Thomas sought to represent himself which the Court granted at his final case review.[17] Three days later, Mr. Thomas filed his second continuance request.[18] The Court approved the request, and trial was rescheduled for January 16, 2024.[19] On December 7, 2023, the State filed a continuance request because one of its witness's was scheduled for surgery.[20]

Mr. Thomas objected to the State's continuance request.[21] The Court approved the request, and trial was rescheduled for April 15, 2024.[22] On January 5, 2024, Mr. Thomas filed this Motion to Dismiss ("Motion").[23] Although, Mr. Thomas initially objected to the State's last two continuance requests, he proceeded seek his own continuance and file several pretrial motions and addendums.[24]

---

[14] D.I. 26-27 and 65 ¶ 17.
[15] *Id*.
[16] D.I. 28.
[17] D.I. 30.
[18] D.I. 34.
[19] D.I. 42.
[20] D.I. 52 and 65 ¶ 23.
[21] D.I. 54.
[22] D.I. 60.
[23] D.I. 61.
[24] D.I. 55-58, 61-62, 73-75, 78 and 80.

## III.  STANDARD OF REVIEW

The Sixth Amendment to the Constitution of the United States provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."[25] The Delaware State Constitution provides a nearly identical right.[26] A defendant's speedy trial right attaches upon the date of his arrest or indictment, whichever occurs first.[27] To determine whether a defendant has been deprived of his right to a speedy trial, four factors must be considered: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant (the "*Barker* factors").[28] No individual factor is conclusive.[29] Instead, the four factors are related "and must be considered together with such other circumstances as may be relevant."[30] Thus, in weighing the factors, courts must engage in a "difficult and sensitive balancing process,"[31] weighing "the conduct of both the prosecution and the defendant."[32] The Court will examine each

---

[25] U.S. CONST. amend. VI.
[26] DEL. CONST. art. I, § 7 ("In all criminal prosecutions, the accused hath a right ... to have ... a speedy and public trial....").
[27] *Brodie v. State*, 2009 WL 188855, at *3 (Del. Jan. 26, 2009) (quoting *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002)).
[28] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).
[29] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 533).
[30] *Id*.
[31] *Barker*, 407 U.S. at 533.
[32] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 530).

factor in turn.

## IV.   ANALYSIS

### A.   Length of Delay

Mr. Thomas contends that the "unnecessary delays" in this matter have violated his constitutional right to a speedy trial.[33]  Due to these delays, Mr. Thomas asserts the only proper remedy for this violation is to completely dismiss all charges against him.  The Delaware Supreme Court has previously held "if the delay between arrest or indictment and trial approaches [or surpasses] one year, [then] the Court will generally consider the [additional] factors."[34]

Mr. Thomas was arrested on May 16, 2022.  Due to scheduling conflicts with the State's witnesses and two continuance requests filed by the defense, trial has been continued to April 15, 2024.  The State has conceded that the length of the delay is presumptively prejudicial because it surpasses one year.  Accordingly, this factor weighs in favor of Mr. Thomas and this Court will consider the remaining *Barker* factors.

### B.   Reason for the Delay

The Delaware Supreme Court has stated that "different weights are assigned to different reasons for the delay."[35]  "A deliberate attempt to delay the trial in order

---

[33] D.I. 61, Letter from T. Thomas to S. Rana, Esq., dated Dec. 22, 2023.
[34] *Cooper v. State*, 2011 WL 6039613, at *7 (Del. 2011).
[35] *Middlebrook v. State*, 802 A.2d 268, 274 (Del. 2022); *See also*, *Barker v. Wingo*,

6

to hamper the defense should be weighted heavily against the government." More neutral reasons should be weighted less heavily, but still considered since the ultimate responsibility for such circumstances must rest with the government.[36] A valid reason, such as the disappearance or illness of an important witness, or an event over which the prosecution has no control supports an appropriate rescheduling of the proceedings.[37]

In the present case, the first four delays were the result of unavailable State witnesses.[38] There was a three-month lapse between the first scheduled trial date and the second, then an eight-day lapse between the second scheduled trial date and the third. There was an almost three-month lapse between the third scheduled trial date and the fourth. These delays are events over which the State had no control and support an appropriate rescheduling of the proceeding. The fifth continuance was requested on behalf of Mr. Thomas due to a substitution of counsel. This delay is attributable to Mr. Thomas. The trial was rescheduled for October 30, 2023, which was an almost two-month delay between the fourth and fifth scheduled trial dates. The sixth continuance was the result of an unavailable State witness to which Mr. Thomas objected. The unavailability of a witness supports an appropriate

---

407 U.S. 514, 531 (1972).

[36] *See Barker*, 407 U.S. at 531.

[37] *Key v. State*, 463 A.2d 633, 636 (Del. 1983).

[38] D.I. 12 and 17-19.

rescheduling of the proceedings. There was a two-week lapse between the fifth and sixth scheduled trial dates. The two-month lapse between the sixth and seventh scheduled trial date is attributable to Mr. Thomas, where the seventh continuance request was sought by Mr. Thomas on October 19, 2023. The eighth continuance was the result of an unavailable State witness and is attributable to the State.[39] Mr. Thomas objected to this delay. After a three-month lapse, the eighth and final scheduled trial date was set for April 15, 2024.

There were eight continuances granted in this matter. Six of these delays were sought by to the State, however, there was no attempt by the State to hamper Mr. Thomas's defense through deliberate delay. Postponements due to surgery, administrative leave, personal leave, and vacation are considered "event[s] over which the prosecution has no control."[40] Additionally, Mr. Thomas filed multiple motions before and after objecting to the State's final continuance request. By doing so, he benefits from the delay of which he complains. Therefore, this *Barker* factor does not weigh in favor of the State, nor Mr. Thomas. This factor is equally weighted and therefore, neutral.

### C.    Assertion of the Right to a Speedy Trial

The Delaware Supreme Court has explained that the defendant's assertion of

---

[39] When granting the State's request, the Court deemed this continuance request weighed against the State.
[40] *Key v. State*, 463 A.2d at 636.

his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.[41] "If and when a defendant asserts his rights are factors of considerable significance in determining whether there has been a speedy trial violation."[42]

Mr. Thomas did not assert his right to a speedy trial until he filed the current Motion on January 5, 2024. This Motion was filed twenty months after Mr. Thomas's initial arrest and almost three months before the currently scheduled trial date. While Mr. Thomas was not silent on his desire for a trial prior to January 5, 2024, he only objected to two of the State's eight continuance requests and did not raise the specific issue of a speedy trial violation.[43] Notably, by requesting two continuances, one in August 2023 and another in October 2023, and filing several pretrial motions before and after the contested delays, Mr. Thomas benefits from the delay of his trial. Thus, the Court finds the third *Barker* factor to weigh in favor of the State.

### D.   Prejudice Resulting to the Defendant from the Delay

The fourth factor is prejudice to the defendant. This factor is assessed in light

---

[41] *Id.*

[42] *Middlebrook v. State*, 802 A.2d at 275 (citing *Bailey v. State*, 521 A.2d 1075 (Del. 1987).

[43] Mr. Thomas contends he made requests to each of his attorneys to assert his speedy trial rights, to no avail. D.I. 61.

of the protected interests of: (i) preventing oppressive pretrial incarceration; (ii) minimizing anxiety and concern of the accused; and (iii) limiting the possibility that the defense will be impaired. [44] The most serious of these interests being the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."[45]

Mr. Thomas asserts the "unnecessary delays" in his case equate to fundamental prejudice and violates his right to a speedy trial.[46] Mr. Thomas contends his pretrial incarceration has affected himself and his family, mentioning the loss of his business and the emotional and financial burden placed on his family due to his extended pretrial incarceration.[47] In *Barker*, the Supreme Court explains time spent in jail awaiting trial often means job loss, disruption of family life, and enforced idleness.[48] In addition, Mr. Thomas contends the delay has caused him to lose contact with several witnesses, which has impaired his defense. Aside from Sabrina Politakis, Mr. Thomas fails to explain with specificity, "who these witnesses [a]re and why they [a]re key."[49] As to Ms. Politakis, Mr. Thomas did not lose contact with her due to time passing and continuance delays. When Ms. Politakis was

---

[44] *Barker,* 407 U.S. at 532.
[45] *Id*.
[46] D.I. 61.
[47] *Id*.
[48] *Barker,* 407 U.S. at 532.
[49] *Benson v. State*, 2020 WL 6554928, at *5 (Del. Nov. 6, 2020).

10

sentenced by this Court for providing a false statement relating to the firearms found in Mr. Thomas's house, the Court ordered Ms. Politakis to have no contact with Mr. Thomas.[50] Lastly, Mr. Thomas argues that due to the delays, his memories about his arrest are beginning to fade.[51] In *State v. Sego*, this Court agreed that while memories fade over time, the passage of two years is not enough time to prejudice a defense.[52] Mr. Thomas has failed to show the delays prejudiced his defense. Therefore, this last factor weighs in favor of the State.

## V. Conclusion

After carefully analyzing and balancing the *Barker* factors, the Court finds, Mr. Thomas's right to a speedy trial has not been violated. Although the first factor weighs in Mr. Thomas's favor, the remaining factors are either neutral or weigh in the State's favor. Importantly, there was no deliberate attempt to delay trial in order to hamper the defense. Mr. Thomas's Motion to Dismiss for lack of a speedy trial is therefore **DENIED**.

**IT IS SO ORDERED.**

*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**

---

[50] *See State v. Politakis* Sentence Order, Case No N22C-05-011893.
[51] D.I. 61.
[52] *State v. Sego*, 2016 WL 4251152, at *3 (Del. Super. Aug. 10, 2016).